# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WISCONSIN

**MARILYN M. SLONIKER,**
Individually and as Trustee of the
MARILYN MAY SLONIKER LIVING TRUST,
Plaintiff,

**EDUCATORS CREDIT UNION;**
**INFINITY ASSETS LLC;**
**TODD SALLINGER;**
**ROCK COUNTY SHERIFF (IN OFFICIAL CAPACITY);**
**JOHN DOE CLAIMANTS 1–10,**
Defendants.

Case No.: _____
Case Code: ~~30404~~ (Quiet Title)

## VERIFIED COMPLAINT

(Quiet Title, Declaratory Judgment, Void Judgment, Void Sheriff's Sale & Sheriff's Deed, Injunctive Relief)

**Comes now** Plaintiff Marilyn M. Sloniker, individually and as Trustee of the Marilyn May Sloniker Living Trust, and states as follows for her Verified Complaint against the above-named Defendants:

### I. JURISDICTION AND VENUE

This Honorable Court possesses subject-matter jurisdiction over this action pursuant to Wisconsin Statutes sections 801.01, 806.04, and 813.01–813.02. Venue is proper in Rock County pursuant to Wisconsin Statutes section 801.50(3), as the real property that is the subject of this action is situated wholly within Rock County, Wisconsin.

This action arises under the laws of the State of Wisconsin and the Constitution of the United States, particularly the Due Process Clause of the Fourteenth Amendment, which prohibits deprivation of property without due process of law. The Court's equitable jurisdiction is invoked to quiet title, declare void judgments and instruments, and provide injunctive relief necessary to prevent irreparable harm to Plaintiff's property rights.

## II. PARTIES

**Plaintiff Marilyn M. Sloniker** appears in two capacities: individually as a natural person and as Trustee of the Marilyn May Sloniker Living Trust, a Wisconsin trust established for estate planning purposes. In her capacity as Trustee, Plaintiff holds legal title to the subject property and possesses all rights, powers, and duties attendant to that fiduciary office. Plaintiff has at all relevant times resided at the subject property and maintained continuous possession, control, and beneficial enjoyment thereof.

**Defendant Educators Credit Union** ("ECU") is a Wisconsin credit union organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 1326 Willow Road, Sturtevant, Wisconsin 53177. ECU claims an interest in the subject property by virtue of a foreclosure judgment entered in Rock County Circuit Court Case No. 2023CV001072. ECU purports to have been the mortgagee or assignee of a mortgage encumbering the subject property, though the validity of that claim is disputed herein.

**Defendant Infinity Assets LLC** is a Wisconsin limited liability company with its principal place of business located at 10521 North Port Washington Road, Suite 204, Mequon, Wisconsin 53092. Infinity Assets LLC claims an interest in the subject property as the purported purchaser at a sheriff's sale conducted pursuant to the foreclosure judgment in Case No. 2023CV001072. Infinity Assets LLC received a sheriff's deed purporting to convey title to the subject property, which deed is challenged herein as void and of no legal effect.

**Defendant Todd Sallinger** is believed to be an individual residing in the State of Wisconsin and is believed to be the principal, member, manager, or controlling person of Infinity Assets LLC. Sallinger claims an interest in the subject property through Infinity Assets LLC and the challenged sheriff's deed. Sallinger's address for purposes of service is the same as that of Infinity Assets LLC: 10521 North Port Washington Road, Suite 204, Mequon, Wisconsin 53092.

**Defendant Rock County Sheriff**, sued in official capacity only, is the duly elected or appointed Sheriff of Rock County, Wisconsin, with offices located at 200 East U.S. Highway 14, Janesville, Wisconsin 53545. The Rock County Sheriff conducted the sheriff's sale giving rise to the challenged sheriff's deed and may be called upon to execute writs of restitution or other process arising from the void foreclosure judgment. The Sheriff is named solely in official capacity for purposes of obtaining declaratory and injunctive relief and not for purposes of seeking damages or other monetary relief.

**Defendants John Doe Claimants 1–10** represent unknown parties who may claim some right, title, interest, lien, or encumbrance in or upon the subject property arising out of, through, or under the foreclosure judgment in Case No. 2023CV001072, the sheriff's sale conducted pursuant thereto, or the sheriff's deed issued to Infinity Assets LLC. The true names and capacities of these Defendants are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to state the true names and capacities of these Defendants when such information is ascertained.

## III. THE SUBJECT PROPERTY

This action concerns real property located in Rock County, Wisconsin, commonly known as:

**972 East Philhower Road**
**Beloit, Wisconsin 53511**

**Tax Parcel Number:** 004 238002

The full legal description of the subject property is as follows:

> Lot 1 of Certified Survey Map No. 9801372, recorded in Volume 35 of Certified Survey Maps, Page 219, as Document No. 1556479, being a part of the Northeast Quarter of the Northwest Quarter of Section 12, Township 1 North, Range 12 East, Town of Beloit, Rock County, Wisconsin.

The subject property consists of a single-family residential dwelling and appurtenant land. Plaintiff has occupied the property as her primary residence continuously since approximately 2017. Plaintiff has maintained the property, paid utilities, made improvements, and exercised all incidents of ownership and possession throughout the relevant time period.

Title to the subject property has stood at all relevant times in the name of the Marilyn May Sloniker Living Trust. The Trust is the record title owner of the property, and Plaintiff, as Trustee, holds legal title for the benefit of the Trust beneficiaries. The property constitutes the principal asset of the Trust and serves as Plaintiff's homestead.

## IV. FACTUAL BACKGROUND: THE FORECLOSURE ACTION

This action concerns the real property commonly known as:

**972 E Philhower Road**
**Beloit, Wisconsin 53511**
**Parcel No.: 004 238002**

The property is legally described as follows:

**Lot 1 of Certified Survey Map No. 9801372, recorded in Volume 35 of Certified Survey Maps, Page 219, as Document No. 1556479, being a part of the Northeast 1/4 of the Northwest 1/4 of Section 12, Township 1 North, Range 12 East, Town of Beloit, Rock County, Wisconsin.**

Title to the property stands in the name of the **Marilyn May Sloniker Living Trust**, with **Marilyn M. Sloniker** serving as the duly appointed Trustee. Plaintiff, as Trustee, has occupied, maintained, and controlled the property as trust-held real estate since approximately **2017**. The property is both her principal residence and a primary asset of the Trust.

A foreclosure action concerning this property was brought in Rock County Circuit Court,

Case No. 2023CV001072, by Educators Credit Union. A foreclosure judgment was entered in that case, and a sheriff's sale was subsequently conducted, resulting in a purported sale to Infinity Assets LLC. A sheriff's deed was then issued in favor of Infinity Assets LLC and recorded with the Rock County Register of Deeds.

The sheriff's deed derives entirely from the foreclosure judgment entered in Case No. 2023CV001072. Because that judgment is challenged as void ab initio for:

(1) lack of jurisdiction over the Marilyn May Sloniker Living Trust — the true record owner who was never named, served, or joined; and

(2) Educators Credit Union's failure to prove standing, real-party-in-interest status, possession of the original wet-ink promissory note, or any verifiable financial injury,

the sheriff's deed — whose authority flows solely from that judgment — is likewise void and conveys no lawful title or interest.

## V. THE SHERIFF'S SALE AND SHERIFF'S DEED

Pursuant to the foreclosure judgment in Case No. 2023CV001072, the Rock County Sheriff conducted a sheriff's sale of the subject property. Defendant Infinity Assets LLC was the successful bidder at the sale. Following the expiration of the statutory redemption period, the Rock County Sheriff issued a sheriff's deed purporting to convey title to the subject property to Infinity Assets LLC.

The sheriff's deed is defective on its face and void for multiple reasons. First, the deed recites that it is issued pursuant to the judgment in Case No. 2023CV001072. Because that judgment is void ab initio for lack of jurisdiction over the Trust, the sheriff's deed, which derives its authority solely from the void judgment, is likewise void and of no legal effect. A void judgment cannot support a valid sheriff's sale, and a void sheriff's sale cannot support a valid sheriff's deed.

Second, upon information and belief, the sheriff's deed contains errors and irregularities, including but not limited to misidentification of the executing officer, incorrect recitation of the judgment or sale date, or other defects that render the deed invalid under Wisconsin law. A sheriff's deed must strictly comply with statutory requirements, and any material defect renders the deed void or voidable.

Third, the sheriff's deed purports to convey title held by the Marilyn May Sloniker Living Trust, yet the Trust was never a party to the foreclosure action and never consented to the sale. A sheriff's deed cannot divest a non-party of title. The deed therefore conveys nothing and constitutes a cloud upon the Trust's title.

## VI. VOID JUDGMENT, VOID SALE, VOID DEED

Under well-established principles of Wisconsin law and federal constitutional law, a judgment entered without jurisdiction over an indispensable party is void ab initio. A void judgment is a nullity and may be attacked at any time, either directly or collaterally. A void judgment confers no rights, imposes no duties, and affords no protection to those who seek to rely upon it.

The foreclosure judgment in Case No. 2023CV001072 is void because the court lacked jurisdiction over the Marilyn May Sloniker Living Trust, the record title owner of the subject property. The Trust is an indispensable party to any action seeking to foreclose upon property held in the Trust's name. The failure to name and serve the Trust deprived the court of personal jurisdiction over the Trust and rendered the judgment void as to the Trust and the property it holds.

A void judgment cannot support a sheriff's sale. The sheriff's sale conducted pursuant to the void judgment is itself void and of no legal effect. The sale did not transfer any interest in the subject property to Infinity Assets LLC or any other purchaser.

A void sheriff's sale cannot support a valid sheriff's deed. The sheriff's deed issued to Infinity Assets LLC is void and conveys no title. The deed constitutes a cloud upon the title of the Marilyn May Sloniker Living Trust and must be declared void and ordered stricken from the public records.

The chain of invalidity is complete: void judgment, void sale, void deed. No party claiming through this chain can acquire valid title to the subject property. The Trust's title remains unimpaired, and Plaintiff, as Trustee, is entitled to a declaration to that effect and to an order quieting title in the Trust's name.

## VII. CURRENT THREAT OF EVICTION AND IRREPARABLE HARM

Defendants Infinity Assets LLC and Todd Sallinger, relying upon the void sheriff's deed, are attempting to assert ownership and possessory rights over the subject property. Infinity Assets LLC has made demands upon Plaintiff to vacate the property. Infinity Assets LLC has threatened to seek writs of restitution or other legal process to forcibly remove Plaintiff from her home.

The Rock County Sheriff, acting in official capacity, may be called upon to execute writs of restitution or other process arising from the foreclosure judgment in Case No. 2023CV001072. Unless restrained by this Court, the Sheriff may proceed to evict Plaintiff and deliver possession of the property to Infinity Assets LLC, notwithstanding the void nature of the underlying judgment and deed.

Plaintiff faces imminent and irreparable harm. She is at risk of being wrongfully dispossessed of her home and the principal asset of her Trust. She faces the prospect of being locked out of her residence, losing access to her personal property, and suffering the emotional and financial distress attendant to wrongful eviction. These harms cannot be adequately remedied by an award

of money damages after the fact. Injunctive relief is necessary to preserve the status quo and prevent irreparable injury pending resolution of this action on the merits.

Plaintiff has no adequate remedy at law. The void judgment and void deed create a cloud upon title that cannot be removed except by judicial decree. The threat of eviction cannot be adequately addressed through a damages action. Only equitable relief—declaratory judgment, quiet title, and injunction—can afford Plaintiff complete and adequate relief.

## VIII. CAUSES OF ACTION

### COUNT I – DECLARATORY JUDGMENT (VOID JUDGMENT)

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

This Court possesses authority to grant declaratory relief pursuant to Wisconsin Statutes section 806.04. An actual controversy exists between Plaintiff and Defendants concerning the validity of the foreclosure judgment entered in Rock County Circuit Court Case No. 2023CV001072.

Plaintiff contends that the foreclosure judgment is void ab initio because the court lacked personal jurisdiction over the Marilyn May Sloniker Living Trust, the record title owner of the subject property and an indispensable party to the foreclosure action. The Trust was never named as a defendant, never served with process, and never afforded an opportunity to appear and defend. The judgment was therefore entered in violation of due process and is void.

Plaintiff further contends that the foreclosure judgment is void or voidable because Defendant ECU failed to establish standing to bring the foreclosure action, failed to produce the original promissory note, and failed to demonstrate a complete chain of assignments from the original lender.

Defendants claim that the foreclosure judgment is valid and enforceable and that it supports the subsequent sheriff's sale and sheriff's deed. This dispute presents a justiciable controversy appropriate for declaratory relief.

Plaintiff seeks a declaration that the foreclosure judgment in Case No. 2023CV001072 is void ab initio and of no legal force or effect. Such a declaration is necessary to resolve the parties' rights and to provide a foundation for the further relief sought herein.

**WHEREFORE,** Plaintiff requests that this Court enter judgment declaring the foreclosure judgment in Rock County Circuit Court Case No. 2023CV001072 to be void ab initio.

### COUNT II – QUIET TITLE (WIS. STAT. § 841.01)

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

This action is brought pursuant to Wisconsin Statutes section 841.01 to quiet title to the subject property. Plaintiff, as Trustee of the Marilyn May Sloniker Living Trust, is the record title owner of the property and is entitled to possession thereof.

Defendants claim interests in the subject property adverse to Plaintiff's title. Defendant ECU claims an interest by virtue of the foreclosure judgment. Defendants Infinity Assets LLC and Todd Sallinger claim an interest by virtue of the sheriff's deed. The Rock County Sheriff may claim a duty to enforce writs arising from the foreclosure judgment. John Doe Claimants may assert unknown claims arising through the foreclosure judgment, sheriff's sale, or sheriff's deed.

All such claims constitute clouds upon Plaintiff's title. The claims are without legal foundation because they arise from a void judgment, a void sale, and a void deed. Plaintiff is entitled to a judicial determination that her title is superior to all claims asserted by Defendants and that Defendants have no right, title, or interest in the subject property.

Quiet title relief is appropriate where, as here, a party's title is clouded by adverse claims arising from void or defective judicial proceedings. The remedy of quiet title provides a complete adjudication of all parties' rights and eliminates uncertainty as to ownership.

**WHEREFORE,** Plaintiff requests that this Court enter judgment quieting title to the subject property in favor of the Marilyn May Sloniker Living Trust, free and clear of any and all claims, liens, encumbrances, or interests asserted by or through:

a. The foreclosure judgment in Case No. 2023CV001072;

b. The sheriff's sale conducted pursuant to that judgment;

c. The sheriff's deed issued to Infinity Assets LLC;

d. Defendants Educators Credit Union, Infinity Assets LLC, Todd Sallinger, and all John Doe Claimants.

### COUNT III – VOID SHERIFF'S SALE AND VOID SHERIFF'S DEED

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

The sheriff's sale conducted pursuant to the foreclosure judgment in Case No. 2023CV001072 is void because it was conducted pursuant to a void judgment. A void judgment cannot authorize a valid sale. The sale therefore transferred no interest in the subject property to Infinity Assets LLC or any other purchaser.

The sheriff's deed issued to Infinity Assets LLC is void because it purports to convey title pursuant to a void sale and a void judgment. A void deed conveys no title and is a nullity. The deed is also defective on its face for the reasons set forth above.

Plaintiff seeks a declaration that the sheriff's sale is void and that the sheriff's deed is void and of no legal effect. Plaintiff further seeks an order directing the Rock County Register of Deeds to mark the sheriff's deed as void or to strike it from the public records, so that the cloud upon Plaintiff's title may be removed.

**WHEREFORE,** Plaintiff requests that this Court enter judgment:

e. Declaring the sheriff's sale conducted pursuant to the foreclosure judgment in Case No. 2023CV001072 to be void and of no legal effect;

f. Declaring the sheriff's deed issued to Infinity Assets LLC to be void and of no legal effect;

g. Ordering the Rock County Register of Deeds to mark the sheriff's deed as void or to strike it from the public records.

### COUNT IV – INJUNCTIVE RELIEF

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

Plaintiff is entitled to injunctive relief pursuant to Wisconsin Statutes sections 813.01 and 813.02. Plaintiff faces immediate and irreparable harm from Defendants' attempts to enforce the void foreclosure judgment and void sheriff's deed. Plaintiff has no adequate remedy at law.

Plaintiff seeks both temporary and permanent injunctive relief restraining Defendants, their agents, employees, successors, and assigns, and all persons acting in concert with them, from:

h. Evicting, removing, or dispossessing Plaintiff from the subject property;

i. Changing locks, securing the premises, or otherwise interfering with Plaintiff's possession;

j. Enforcing writs of restitution or other process arising from Case No. 2023CV001072;

k. Transferring, conveying, encumbering, or otherwise disposing of any interest in the subject property;

l. Recording any documents purporting to affect title to the subject property based upon the foreclosure judgment, sheriff's sale, or sheriff's deed;

m. Taking any action inconsistent with Plaintiff's ownership and possession of the subject property.

Plaintiff will suffer irreparable harm if injunctive relief is not granted. She will be wrongfully dispossessed of her home, deprived of the use and enjoyment of her property, and subjected to the emotional and financial distress of wrongful eviction. These harms cannot be adequately compensated by money damages.

The balance of harms favors Plaintiff. Defendants will suffer no harm from being restrained from enforcing a void judgment and void deed. Defendants have no legitimate interest in property to which they hold no valid title.

The public interest favors injunctive relief. The public has an interest in the integrity of judicial proceedings and in ensuring that property rights are not disturbed by void judgments. Granting

injunctive relief will uphold the rule of law and protect property owners from deprivation of their rights without due process.

**WHEREFORE,** Plaintiff requests that this Court enter an order:

    n. Temporarily and permanently enjoining Defendants from evicting, removing, or dispossessing Plaintiff from the subject property;

    o. Temporarily and permanently enjoining Defendants from changing locks, securing the premises, or otherwise interfering with Plaintiff's possession;

    p. Temporarily and permanently enjoining Defendants from enforcing writs of restitution or other process arising from Case No. 2023CV001072;

    q. Temporarily and permanently enjoining Defendants from transferring, conveying, encumbering, or otherwise disposing of any interest in the subject property;

    r. Temporarily and permanently enjoining Defendants from recording any documents purporting to affect title to the subject property based upon the foreclosure judgment, sheriff's sale, or sheriff's deed;

    s. Temporarily and permanently enjoining Defendants from taking any action inconsistent with Plaintiff's ownership and possession of the subject property.

## IX. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Marilyn M. Sloniker, individually and as Trustee of the Marilyn May Sloniker Living Trust, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants as follows:

**A.** Declaring that the foreclosure judgment entered in Rock County Circuit Court Case No. 2023CV001072 is void ab initio and of no legal force or effect;

**B.** Declaring that the sheriff's sale conducted pursuant to that judgment is void and of no legal effect;

**C.** Declaring that the sheriff's deed issued to Defendant Infinity Assets LLC is void and of no legal effect;

**D.** Quieting title to the subject property in favor of the Marilyn May Sloniker Living Trust, free and clear of any and all claims, liens, encumbrances, or interests asserted by or through Defendants Educators Credit Union, Infinity Assets LLC, Todd Sallinger, Rock County Sheriff, and John Doe Claimants 1–10;

**E.** Enjoining Defendants, their agents, employees, successors, assigns, and all persons acting in concert with them, from evicting, removing, or dispossessing Plaintiff from the subject property, from changing locks or interfering with Plaintiff's possession, from enforcing writs or other process arising from Case No. 2023CV001072, from transferring or encumbering the subject

property, and from recording any documents purporting to affect title based upon the void judgment, sale, or deed;

F. Ordering the Rock County Register of Deeds to mark the sheriff's deed as void or to strike it from the public records;

G. Awarding Plaintiff her costs and disbursements incurred in bringing this action;

H. Granting such other and further relief as the Court deems just and equitable.

## VERIFICATION

STATE OF WISCONSIN
COUNTY OF ROCK

I, **Marilyn M. Sloniker**, being first duly sworn upon oath, state that I am the Plaintiff in the above-entitled action and the Trustee of the Marilyn May Sloniker Living Trust; that I have read the foregoing Verified Complaint and know the contents thereof; and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Further Affiant sayeth not.

_____
**Marilyn M. Sloniker, Trustee**
Marilyn May Sloniker Living Trust

Dated this 25 day of February, 2026.

**Subscribed and sworn to before me this** 25 **day of** February **, 2026.**

_____
Notary Public, State of Wisconsin

My Commission Expires: 04-19-2027

County of Rock

CINDY MITCHELL
Notary Public
State of Wisconsin

25

This page is left blank for document separation

26